**William R. PANUSKI, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 331, 2011.**

Supreme Court of Delaware.

Submitted: March 21, 2012.

Decided: March 30, 2012.

Reargument Denied April 19, 2012.

William R. Panuski, pro se.

Elizabeth A. Powers, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, William Panuski ("Panuski"), proceeding *pro se,* appeals from a Superior Court order denying his motion for postconviction relief. Panuski moved for postconviction relief on five grounds: first, violation of due process due to insufficient evidence; second, violation of double jeopardy; third, ineffective assistance of counsel; fourth, abuse of prosecutorial discretion; and fifth, "contradictive and ambiguous" colloquy at his sentencing hearing.

In an earlier decision, the Superior Court denied Panuski's motion as to the first two grounds as procedurally barred under Rule 61. Panuski appealed, and this Court remanded for the Superior Court to address the remaining three grounds for relief. On remand, the Superior Court denied those three grounds for relief on the merits.

We have concluded that none of Panuski's claims are meritorious. Therefore, the judgment of the Superior Court must be affirmed.

### Facts and Procedural History [1]

Panuski was indicted on twenty-nine counts of Dealing in Child Pornography ("DCP"), a class B felony. Five months later, Panuski pled guilty to two counts of

---

1. The facts and procedural history are taken from this Court's remand order, unless otherwise noted. *See Panuski v. State,* No. 331, 2011 (Del. Oct. 28, 2011).

DCP and the State entered a *nolle prose-qui* on the remaining counts. Before sentencing, Panuski, through counsel, filed a "motion to merger/and or downgrade counts for sentencing" (the "motion"). In the motion, Panuski argued that he should be sentenced for Possession of Child Pornography, a class F felony. After hearing argument and conducting a colloquy with Panuski, the Superior Court denied the motion and sentenced Panuski on two counts of DCP to eight years at Level V suspended after four years, followed by probation. This Court affirmed on direct appeal.

Panuski then filed a motion for postconviction on five grounds: (i) violation of due process due to insufficient evidence; (ii) violation of double jeopardy; (iii) ineffective assistance of counsel; (iv) abuse of prosecutorial discretion; and (v) "contradictive and ambiguous" colloquy on the motion. In ruling on the postconviction motion, the Superior Court denied Panuski's claims of violation of due process due to insufficient evidence and violation of double jeopardy, but did not address the remaining three claims.

We remanded the matter, instructing the Superior Court to consider and rule on Panuski's claims of ineffective assistance of counsel, abuse of prosecutorial discretion, and "contradictive and ambiguous" colloquy on the motion. We also instructed the Superior Court to expand the record to include an affidavit from defense counsel responding to the allegation of ineffective assistance of counsel.

On remand, the Superior Court ordered defense counsel to respond to the allegations of ineffective assistance of counsel and the State to submit a response. The Superior Court then considered Panuski's three remaining claims. The Superior Court found that these three claims were not procedurally barred, but that they lacked merit. Thus, the Superior Court denied the motion for postconviction relief and returned the matter from remand. Following the Superior Court's decision on remand, the parties submitted supplemental memoranda.

### *Standard of Review*

 We review the Superior Court's denial of postconviction relief for abuse of discretion.[2] Questions of law are reviewed *de novo*.[3] Claims of a constitutional violation also are reviewed *de novo*.[4]

In considering a motion for postconviction relief, the Court must first look to the procedural requirements of Rule 61. Rule 61(i) provides in relevant part:

(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

(4) Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

(5) Bars Inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this

---

**2.** *Zebroski v. State,* 12 A.3d 1115, 1119 (Del. 2010).

**3.** *Id.*

**4.** *Id.*

subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[5]

### Due Process Claims Barred

■ Panuski first contends that the State failed to prove the elements of DCP because the State could only show that he knowingly—and not intentionally—possessed the images. He further contends that his acceptance of the plea does not foreclose a due process claim based on insufficient evidence.

This claim is barred under Rule 61(i)(3). Panuski did not raise it on direct appeal, nor has he shown a "constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." The Superior Court did not abuse its discretion in dismissing Panuski's first claim as procedurally barred.

■ Nor can Panuski prevail on the merits of this claim. In *Fink v. State*, a defendant indicted on ten counts of DCP made a similar claim based on insufficiency of the evidence.[6] Similar to the case here, the defendant had accepted the State's plea bargain allowing him to plead guilty to one of the ten counts. On appeal, this Court affirmed the denial of defendant's postconviction motion.[7] We explained, "by pleading guilty to the charge of Unlawfully Dealing in Child Pornography, Fink is foreclosed from challenging the sufficiency of the State's evidence on that charge."[8] Similarly, Panuski's plea of guilty to two charges of DCP here forecloses a challenge to the sufficiency of the evidence underlying that charge.

*Menna v. New York*[9] does not require a different result. There, the United States Supreme Court held that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty."[10] Thus, the state appellate court could not affirm a conviction merely on grounds that the defendant's double jeopardy claim had been "waived" by a guilty plea.[11] But, in *Menna* the United States Supreme Court further explained that a guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."[12]

Here, as in *Fink*, any challenge to the sufficiency of the evidence does not affect the fact that the defendant admitted his guilt to DCP.[13] Panuski's guilty plea thus forecloses his claim that the State lacked

---

**5.** Del.Super. Ct.Crim. R. 61(i)(3)-(5).

**6.** *Fink v. State*, 2011 WL 1344607, at *1 (Del. Apr. 7, 2011).

**7.** *Id.*

**8.** *Id.* (citing *Hartman v. State*, 2007 WL 38401, at *2 (Del. Jan. 8, 2007)).

**9.** *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

**10.** *Id.* at 62, 96 S.Ct. 241 (citation omitted).

**11.** *Id.*

**12.** *Id.* at 62 n. 2, 96 S.Ct. 241.

**13.** *See Panuski v. State*, 2010 WL 3398945, at *1 (Del. Aug. 30, 2010).

sufficient evidence to prevail on that charge. The Superior Court properly denied Panuski's due process claims.

### Double Jeopardy Claim Barred

■ Panuski also contends that his conviction violates his constitutional right not to be subject to double jeopardy. Rule 61(i)(4) provides: "Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, . . . is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The Superior Court properly determined that this claim was procedurally barred because both the Superior Court and this Court had ruled on that claim in earlier proceedings.

On direct appeal, this Court considered and rejected Panuski's double jeopardy argument.[14] Thus, this ground for relief is barred as formerly adjudicated. Moreover, Panuski has not shown that reconsideration is warranted in the interests of justice. To invoke this exception, a defendant must show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him"[15] or that "there has been an important change in circumstances, in particular, the factual basis for issues previously posed."[16] Panuski has not demonstrated such a change in circumstances here. Accordingly the Superior Court properly denied Panuski's double jeopardy claim.

### Ineffective Assistance of Counsel Claim

■ Panuski contends that his trial counsel's performance was deficient because counsel did not challenge the indictment before Panuski entered a plea agreement, failed to present a challenge to the indictment on direct appeal, and failed to address the ambiguous colloquy on direct appeal. Ineffective assistance of counsel claims are governed by *Strickland v. Washington*[17] and its progeny. To prevail, the defendant must show that defense counsel's performance was deficient, and such deficient performance prejudiced the defense.[18]

Panuski's trial counsel responded to the charges of deficient performance in an affidavit. First, he explained that he deliberately did not seek a Bill of Particulars because he believed the State had made a possible mistake in the indictment. A Bill of Particulars, he reasoned, would have "alerted the State to file an amended indictment" and thereby "stripped the Defense of any shot to attack the statute and charging document." Defense counsel averred that, as discussed with Panuski, the strategy was to challenge the constitutionality of the State charging twenty-nine identical counts that did not distinguish dealing from possession. Defense counsel also explained that he and Panuski were not seriously contemplating trial because of the nature of the videos found.

■ A finding that trial counsel was "deficient" under *Strickland* requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

---

14. *Id.*

15. *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990).

16. *Weedon v. State*, 750 A.2d 521, 527–28 (Del.2000) (citing *Kenton v. Kenton*, 571 A.2d 778, 784 (Del.1990)).

17. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

18. *Swan v. State*, 28 A.3d 362, 383 (Del.2011) (citing *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052).

Sixth Amendment." [19] Here, defense counsel pursued a reasonable defense strategy. While the State ultimately refused to negotiate a more favorable plea, and this Court rejected the defense's legal theory on appeal, the record supports that defense counsel provided competent assistance. Similarly, Panuski has not shown that counsel was incompetent in handling the sentencing hearing. Accordingly, Panuski has not met the high burden required for finding a *Strickland* violation. The Superior Court properly denied Panuski's ineffective assistance of counsel claim.

### Prosecutorial Discretion

 Panuski contends that the State abused its discretion in charging him with DCP, rather than mere Possession on Pornography. This Court has explained that the State has "broad discretion as to whom to prosecute." [20] "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision of whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." [21]

Title 11, section 1109(4) of the Delaware Code provides that a person is guilty of DCP when that person "intentionally compiles, enters, accesses, transmits, receives, exchanges, disseminates, stores, makes, prints, reproduces or otherwise possesses any photograph, image, file, data or other visual depiction of a child engaging in a prohibited sexual act or in the simulation of such an act." [22] Here, Panuski admits that he told detectives that the sharing

settings on his Limewire account were turned on. Thus, he was aware that the child sexual abuse videos on his computer could be downloaded by other Limewire users. Police were also able to access the materials during their online investigation. Thus, the State had probable cause to believe that Panuski committed DCP, as defined by the statute. The Superior Court properly determined that the State did not abuse its discretion in charging Panuski with DCP.

### "Contradictive and Ambiguous" Colloquy

 Finally, Panuski contends that the Superior Court misled him at sentencing as to which crimes he was entering a plea. Panuski contends that when he admitted to possessing two images of Child Pornography, it was not clear whether he "was responding to either 'otherwise possesses' under 11 *Del. C.* § 1109(4) or Possession of Child Pornography under 11 *Del. C.* § 1111."

The sentencing hearing colloquy that Panuski challenges proceeded as follows:

Superior Court: I'm putting the defendant to the test. If he is willing to admit to possessing two separate photographs—

Defense Attorney: He is.

Superior Court:—then I'm going to sentence him. If he's not, I'm going to vacate the plea and the State can do whatever it wishes to do, including taking him to trial.

Defense Attorney: He's willing to admit to possessing two images, Your Honor.

19. *Id.* at 383 n. 31 (quoting *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052).

20. *Albury v. State*, 551 A.2d 53, 61 (Del.1988) (citing *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)).

21. *Id.* (quoting *Wayte v. United States*, 470 U.S. at 607, 105 S.Ct. 1524).

22. Del.Code Ann. tit. 11, § 1109(4) (Supp. 2010).

Superior Court: Mr. Panuski, would you please stand for a moment. Do you understand that your attorney has said that you are willing to admit that you possessed two different photographs which constitute child pornography?

Panuski: Yes, Your Honor.

Superior Court: And, in fact, did you?

Panuski: Yes, Your Honor.

During the plea colloquy itself, defense counsel represented that Panuski was aware that he was pleading guilty to "two counts" and that each carried a two to twenty-five year sentence. Panuski also acknowledged that the Truth–In–Sentencing Guilty Plea Form was complete and accurate. His plea to two counts of DCP was never vacated.

At the sentence hearing, Panuski admitted to possessing two images. Defense counsel has averred that he "advised Mr. Panuski of the draconian nature of the statute,—that despite its title of 'Dealing' in Child Pornography, the statute also punishes persons who merely download and possess images/videos of child pornography." Thus, Panuski understood that admitting to mere possession would subject him to liability under the statute. Accordingly, Panuski's final claim is not supported by the record.

### Conclusion

The Superior Court properly denied Panuski's motion for postconviction relief as to each of his five claims. Therefore, the judgment of the Superior Court is affirmed.