IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONOVAN J. GARVIN, | § | |
| | § | |
| Defendant Below, | § | No. 476, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | Cr. ID No. 1302013656 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 7, 2015[1]
Decided: December 7, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

# **O R D E R**

This 7th day of December 2015, upon consideration of the appellant's opening brief, the appellant's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Donovan J. Garvin, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Garvin's opening brief that his appeal is without merit. We agree and affirm.

---

[1] The motion to affirm was filed on September 21, 2015, but the record was filed on October 7, 2015.

(2) In April 2013, Garvin was charged by indictment with forty-five counts of Sexual Solicitation of a Child, Possession of Child Pornography, and Sexual Abuse of a Child by a Person of Trust in the First Degree. The charges arose from Garvin's contact with three children—two children under the age of eighteen and one child under the age of sixteen. On August 28, 2013, Garvin pled guilty to Sexual Abuse of a Child by a Person of Trust in the First Degree as to the child under sixteen and the State entered a *nolle prosequi* on the remaining charges.

(3) As part of the plea agreement, the parties agreed to immediate sentencing and a sentencing recommendation of twenty-five years of Level V incarceration, suspended after thirteen years (which included the ten year minimum Level V sentence required by 11 *Del. C.* 778(6)(b)) for decreasing levels of supervision. After consideration of aggravating and mitigating factors, the Superior Court imposed the recommended sentence. Garvin did not file a direct appeal.

(4) On November 25, 2013, Garvin filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Counsel ("Postconviction Counsel") was appointed to represent Garvin. On March 13, 2015, Postconviction Counsel filed a motion to withdraw under Rule 61(e).

(5) Garvin filed a response to the motion to withdraw, reiterating the claims in his motion for postconviction relief and asserting additional ineffective assistance of counsel claims. In an order dated May 14, 2015, the Superior Court granted the

motion to withdraw. On August 18, 2015, the Superior Court denied Garvin's motion for postconviction relief. This appeal followed.

(6) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[2] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[3] As he did in the Superior Court, Garvin argues that: (i) his counsel coerced him to plead guilty; (ii) his counsel did not utilize favorable evidence showing the victim was the aggressor; (iii) his counsel incorrectly informed him that he was subject to a ten year minimum sentence and that he could earn good time credit on that sentence; (iv) his counsel failed to raise various mitigating factors at sentencing; (v) his counsel failed to research or investigate his case; (vi) his counsel did not communicate sufficiently with him; and (vii) his guilty plea was not supported by sufficient evidence.

(7) To prevail on his ineffective assistance of counsel claims, Garvin must show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[4] There is a "strong presumption" that counsel's representation was professionally

---

[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del.1996).
[3] *Younger v. State*, 580 A.2d 552, 554 (Del.1990).
[4] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (1988).

3

reasonable.[5]  A defendant must set forth and substantiate concrete allegations of actual prejudice.[6]

(8)    The record does not support Garvin's claim that his counsel coerced him to plead guilty.  During the guilty plea colloquy, Garvin told the Superior Court that he intentionally engaged in sexual penetration with a victim who had not reached the age of sixteen while he stood in a position of trust, authority, or supervision over the victim, he freely and voluntarily pled guilty, and nobody, including his lawyer, threatened or forced him to plead guilty.  Similarly, Garvin indicated in the Truth–In–Sentencing Guilty Plea form that he had freely and voluntarily decided to plead guilty and that nobody had threatened or forced him to plead guilty.  In the absence of clear and convincing evidence to the contrary, Garvin is bound by these representations.[7]

(9)    In arguing that his counsel failed to utilize favorable evidence that the victim was the aggressor, Garvin ignores that a child under sixteen cannot consent to a sexual act with a person more than four years older than the child.[8]  Garvin was in his thirties at the time of the offenses.  As to Garvin's claim that his counsel incorrectly informed him that he was subject to a ten year minimum Level V

---

[5] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
[6] *Younger v. State*, 580 A.2d at 554.
[7] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[8] 11 *Del. C.* § 761(k).

4

sentence and could earn good time credit on that portion of his sentence, Garvin was not misinformed. Garvin pled guilty to intentionally engaging in sexual penetration with a victim who had not reached the age of sixteen while he stood in a position of trust, authority, or supervision over the victim,[9] which is subject to a minimum sentence of ten years of Level V incarceration.[10] Contrary to Garvin's belief, digital penetration falls within the definition of sexual penetration.[11] Garvin can also earn good time on the ten year minimum portion of his sentence.[12]

(10) Garvin's claim that his counsel was ineffective for failing to present certain mitigating factors at sentencing is also without merit. The record reflects that the Superior Court imposed the sentence that was negotiated and recommended by the parties. Contrary to his contention, Garvin's lack of previous criminal record was raised at sentencing as a mitigating factor. In claiming that his counsel should have presented evidence that the victim was the aggressor and that he initially refrained from sexual contact with the victim due to concern for the victim, Garvin again disregards that a child under sixteen cannot consent to a sexual act with a person more than four years older than the child.[13] Garvin also fails to recognize

---

[9] 11 *Del. C.* § 778(2).
[10] 11 *Del. C.* § 778(6)(b).
[11] 11 *Del. C.* § 761(d), (i).
[12] 11 *Del. C.* § 4381(a) (providing that all sentences, other than a life sentence or a sentence imposed under 11 *Del. C.* § 4214 or 11 *Del. C.* § 4204(k), can be reduced by good time). Garvin was not sentenced under 11 *Del. C.* § 4214 or 11 *Del. C.* § 4204(k).
[13] *See supra* n. 8.

5

that these claims are inconsistent with a mitigating factor that the Court did take into account in imposing the sentence—Garvin's acceptance of responsibility for his actions. To the extent Garvin relies upon newspaper reports of convictions and sentences imposed in different sexual abuse cases, those cases, which appear to involve fewer victims, different charges, and different convictions, do not support his ineffectiveness claims.

(11) Garvin's contentions that his counsel failed to investigate his case or communicate with him sufficiently are not supported by any concrete allegations of actual prejudice. Given the number of serious charges against him and the many decades of imprisonment that he faced, Garvin received a clear benefit from his guilty plea. The Superior Court did not err in finding that Garvin's ineffective assistance of counsel claims were without merit.

(12) The Superior Court also did not err in rejecting Garvin's sufficiency of the evidence claim. This claim was barred by Garvin's knowing and voluntary guilty plea.[14] Having carefully reviewed the record and the parties' positions on appeal, we conclude that the Superior Court did not err in denying Donovan's motion for postconviction relief under Rule 61.

---

[14] *Panuski v. State*, 41 A.3d 416, 420 (Del. 2012).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice